**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  2:05-cr-00332-RCJ (GWF) |
| | ) | |
| vs. | ) | **FINDINGS & RECOMMENDATIONS** |
| | ) | |
| ALBERT LEON HARRIS, | ) | **(Defendant's Motion for  Leave to File** |
| | ) | **Late Motion (#79); Defendant's Motion** |
| Defendant. | ) | **to Suppress Statements (#80); and** |
| | ) | **Government's Motion to Strike (#82))** |

This matter is before the Court on Defendant Albert Leon Harris's Motion for Leave to File Late Motion (#79) and Defendant's Motion to Suppress Statements (#80), filed on July 24, 2007; and  the Government's Motion to Strike Defendant's Second Motion to Suppress and Opposition to "Motion For Leave to File Late Motion" (#82), filed on July 26, 2007.  Having reviewed and considered the briefs filed by the parties, the Court hereby recommends as follows:

**BACKGROUND**

The Order Regarding Pretrial Procedure (#7) in this case was entered on September 2, 2005 and set a deadline of October 3, 2005 for filing pretrial motions.  The trial date was thereafter continued several times, but the deadline for filing pretrial motions was not formally extended prior to the filing of Defendant Harris's Motion to Suppress (#31) on April 5, 2006.  The Government did not object to the untimeliness of the motion and opposed it on its merits.  *See Government's Response to Motion to Suppress* (#34), filed April 19, 2006.  The Court conducted an evidentiary hearing on May 16, 2006 and filed its Findings and Recommendations (#45) on May 23, 2006, recommending that Defendant's

1  motion to suppress be denied.  Defendant timely objected to the Findings & Recommendations.  District

2  Judge Jones affirmed the Magistrate Judge's Findings & Recommendations and denied Defendant's

3  motion to suppress on July 31, 2006.  *Minutes of Proceedings* (#55).  Following denial of the motion to

4  suppress, the trial date was continued two more times by stipulation of the parties and order of the court.

5  (#57, #59 ).  Neither of those stipulations requested an extension of the pretrial motions deadline.  Nor

6  did Defendant's counsel request a trial continuance based on the need to file additional pretrial motions.

7  *Id.*

8        On March 26, 2007, Defendant's former counsel, Kirk Kennedy, was permitted to withdraw and

9  Federal Public Defender Shari L. Kaufman, who had initially represented Defendant in the early stages

10  of this case, entered her appearance on March 27, 2007.  (#67).  On April 16, 2007 the parties again

11  stipulated to continue the trial date.  *See Stipulation to Continue Motion Deadlines and Trial Dates*

12  (#69).  That stipulation provided that the parties would have until May 21, 2007 within which to file

13  pretrial motions and notices of defense. The parties appeared before Judge Jones on April 18, 2007 for

14  calendar call at which time the Court advised them that this was the ninth requested continuance of the

15  trial date.  *See Minutes of Proceedings* (#70).  Defendant's counsel represented that the Federal Public

16  Defender's Office had only recently received the case, that this was their first request for a continuance

17  and that discovery had not been received.  The Government did not oppose Defendant's request to

18  continue the trial date but did oppose the filing of any substantive motions.  The Court directed

19  Defendant's counsel to file a motion to dismiss the Indictment based on delay in bringing the case to

20  trial and set trial for August 28, 2007.  *Id.*

21        The undersigned Magistrate Judge has listened to the court recording of the hearing before the

22  District Judge on April 18, 2007.  As the minutes indicate, Judge Jones expressed his concern regarding

23  the number of continuances and ordered that the Defendant file a motion to dismiss the Indictment.

24  Defendant's counsel advised the Court that she believed it was necessary to file additional or new

25  motions to suppress evidence based on former defense counsel's failure to pursue discovery and

26  properly prepare the case.  Although the District Judge directed that Defendant file a motion to dismiss

27  the Indictment, the Court made clear that it was not granting extensions to file other pretrial motions.

28  . . .

1    Defendant's counsel filed the Motion to Dismiss Indictment (#71) on April 20, 2007.  The Court

2    ultimately concluded that the delay in this case was primarily caused by Defendant's former counsel and

3    attributable to Defendant, and that Defendant was not unfairly prejudiced by the delay.  The Court

4    therefore denied the motion to dismiss on June 18, 2007.  *See Order* (#77).  On July 16, 2007, the

5    District Judge signed the order continuing the trial date, previously submitted by the parties on April 16,

6    2007, and set trial for August 28, 2007.  *See Order to Continue* (#78).  That order contains the provision

7    that pretrial motions would be due on May 21, 2007.  The order, however, did not set any new date for

8    filing pretrial motions.

9    Defendant's Motion to Suppress Statements (#80), filed in conjunction with his Motion for

10    Leave to File Late Motion (#79), requests that the Court conduct a new evidentiary hearing because the

11    prior motion to suppress and evidentiary hearing failed to address the violation of Defendant's Fifth

12    Amendment rights based on the officer's alleged interrogation of Defendant Harris after he invoked his

13    right to counsel.  Second, Defendant requests that the Court reopen the evidentiary hearing and conduct

14    a *Franks* evidentiary hearing because the affidavit in support of the search warrant omitted important

15    information about the informant's criminal history and the informant's relationship with the Defendant.

16    Defendant's counsel stated that the audio recording of the meeting between the informant and detectives

17    on August 7, 2005, subsequently produced by the Government, disclosed information about the

18    informant's relationship with Defendant Harris and his motivation to assist the police in their

19    investigation which were not included in the affidavit in support of the search warrant and which were

20    not explored during the first suppression hearing because Defendant's former counsel failed to request a

21    *Franks* hearing.

22    As discussed more fully in the Court's Findings & Recommendations (#45) filed on May 30,

23    2006, the Las Vegas Metropolitan Police received information from a confidential informant that

24    Defendant Harris, whom the informant identified as "Scrooge," was using two residences, 4830 East

25    Charleston Blvd., Apartment #26 and 5087 Andover Drive, to facilitate the sale of cocaine.  The

26    informant told the officers that Defendant had approximately one kilogram of cocaine in the East

27    Charleston Boulevard residence and that Defendant may also have had some cocaine at the Andover

28    Drive address.  The informant also described Defendant Harris's vehicle to the officers and told them

3

1   that Defendant kept some amount of cocaine in the vehicle and that Defendant was always armed with a

2   handgun.  Through surveillance conducted at both residences, the officers observed the vehicle described

3   by the informant as belonging to Scrooge and observed Defendant who matched the informant's

4   description of Scrooge.  While conducting surveillance at the East Charleston Boulevard residence, the

5   officers observed Defendant's wife arrive at the residence with children and go inside.

6       The officers thereafter observed another vehicle occupied by a Hispanic male and a white female

7   arrive at the apartment complex.  The white female went to the door of Defendant's apartment and

8   knocked on the door.  Defendant Harris came out of the apartment and walked with the white female to

9   Defendant's automobile.  Detective Van Buskirk testified at the evidentiary hearing that Defendant

10  Harris leaned into the center console area of his vehicle and handed something to the female.  Detective

11  Van Buskirk testified at the evidentiary hearing that he suspected that Defendant Harris had engaged in a

12  narcotics transaction with the white female.[1]  Defendant Harris then returned to the apartment.  A few

13  minutes later, Defendant Harris exited the apartment and got into his car and left the apartment complex,

14  followed by the vehicle occupied by the Hispanic male and white female and another vehicle.  Detective

15  Van Buskirk had previously arranged for Metro Officer Jason Caine to be present near the apartment

16  complex in a marked patrol car.  As Defendant Harris left the apartment complex, Detective Van

17  Buskirk contacted Officer Caine and instructed him to stop Defendant's vehicle for a traffic law

18  violation.  Detective Van Buskirk also advised him that there possibly would be drugs in the vehicle and

19  that Defendant carried guns.

20      Officer Caine testified at the evidentiary hearing that he determined that Defendant's vehicle had

21  suspended license plates and stopped Defendant's vehicle for the traffic law violation.  During the

22  detention following the stop, Defendant told Officer Caine that there was some marijuana in the center

23  console of the vehicle where his wallet was also located.  Officer Caine also noticed a strong odor of

24  marijuana emanating from the vehicle.  Officer Caine retrieved Defendant's wallet from the center

25  console of the vehicle where he also found two plastic bags which contained small quantities of

26  _____

27      [1]In the affidavit for the search warrant, however, Detective Van Buskirk stated that he observed
    Defendant in the vehicle for approximately one minute with the white female waiting next to it, but did
28  not state that he saw Defendant hand anything to the female.

marijuana.  Officer Caine ran a records check on Defendant's California driver's license which revealed that it was suspended/revoked.  Officer Caine thereupon placed Defendant under arrest.  After Officer Caine arrested Defendant, Detective Van Buskirk approached the Defendant and advised him of his *Miranda* rights.  Detective Van Buskirk testified that he informed the Defendant that they were looking at him for the possible sale of crack cocaine.  According to Detective Van Buskirk, after being advised of his rights, Defendant agreed to speak with the detective.  Defendant then told the detective that they would find cocaine in the Andover Street residence, but that there were no drugs in the East Charleston Boulevard apartment.  Detective Van Buskirk also testified that Defendant Harris consented to a search of his vehicle.  A narcotics dog was brought to the scene and alerted to the presence of narcotics in the vehicle.  Officers then searched the vehicle and found a compartment containing 18 grams of rock cocaine, 13 grams of powder cocaine, and a handgun.

Following these events, Detective Van Buskirk applied to a Nevada District Court Judge for the issuance of a telephone search warrant to search 4830 East Charleston Blvd., Apartment #26 and 5087 Andover Drive for narcotics.  Detective Van Buskirk's affidavit recounted the information provided to the police by the confidential informant that Scrooge was engaged in narcotics trafficking, that cocaine was present at both residences and in Scrooge's automobile, and that the informant also described another vehicle recently acquired by Scrooge.  The affidavit did not describe the informant's relationship with Defendant Harris or the basis of his knowledge.  The affidavit also did not contain any information about the informant's prior criminal record.

The affidavit also described Defendant Harris's encounter with the white female at his vehicle, Defendant's departure from the apartment complex with the two other vehicles, and the traffic enforcement stop effectuated by Officer Caine.  The affidavit also stated that Defendant Harris had given the officers consent to search the vehicle which resulted in the discovery of the compartment containing the cocaine and the gun.  The affidavit also stated that "Post-Miranda," Defendant told the detective that there would be one-quarter to one-half ounce of cocaine in the master bedroom at 5087 Andover Drive.  Based on the information contained in Detective Van Buskirk's affidavit, the judge issued search warrants to search both residences.  The execution of the search warrants resulted in the discovery and seizure of cocaine, marijuana and a handgun at 4830 East Charleston Blvd., Apartment #26 and cocaine,

1    a scale, rifle and handgun holster at 5087 Andover Drive.  Paperwork was also seized at both locations.

2         During the May 16, 2006 evidentiary hearing, Detective Van Buskirk testified on direct

3    examination by the Government's counsel that the informant had told the detective that he had become

4    friends with Scrooge, that he had gotten in too deep with Scrooge, and that Scrooge wanted the

5    informant to hold crack cocaine in his apartment.  Detective Van Buskirk also testified that he had

6    checked the informant's criminal history which showed that he had been convicted of two, three or more

7    felony convictions.  *Transcript of May 16, 2006 evidentiary hearing on Motion to Suppress*, page 12.

8    Detective Van Buskirk testified that based on this, he believed it was necessary to corroborate the

9    informant's information.  According to Detective Van Buskirk, he had the informant make a monitored

10   telephone call to Scrooge and arrange a meeting with Scrooge to exchange stuff, but Scrooge never

11   showed up.  *Id.*  On cross-examination, Detective Van Buskirk testified that the monitored telephone call

12   was not recorded.  *Id.,* page 29.  Detective Van Buskirk also testified that the information provided by

13   the informant was arguably corroborated by surveillance which confirmed Defendant's presence at both

14   residences and the vehicles that the informant stated were used by Scrooge.

15        Defendant's original Motion to Suppress (#31) argued that the police did not have probable cause

16   to stop Defendant Harris's vehicle on August 9, 2005 on the basis that he was in possession of illegal

17   narcotics.  Defendant also argued that the stop of Defendant's vehicle for suspended license plates was

18   pretextual and should be held invalid.  Because the evidence seized following the vehicle stop was

19   unlawfully obtained, Defendant argued that the search warrant was also invalid because the information

20   provided by the informant and the officers' observations prior to the vehicle stop did not provide

21   probable cause to search the residences.  Defendant's Motion (#31) did not raise any issue regarding the

22   alleged violation of Defendant's *Miranda* rights, other than to implicitly argue that if the stop of

23   Defendant's vehicle violated the Fourth Amendment, then the subsequent giving of *Miranda* rights

24   would not validate the issuance of a search warrant based on the unlawful stop, arrest and search of

25   Defendant's vehicle.

26        In its Findings & Recommendations (#45), affirmed by the District Judge, the Court found that

27   the stop of Defendant Harris's automobile by Officer Caine did not violate the Fourth Amendment

28   because the officer had probable cause to stop Defendant's vehicle for a traffic law violation  –

1    suspended license plates.  Whether the officers effectuated this traffic stop as pretext for their desire to

2    further their investigation that Defendant Harris was in possession of narcotics or engaged in drug

3    trafficking did not invalidate the legality of the stop.  *See Findings & Recommendation* (#45), pages 15-

4    16, *citing Delaware v. Prouse*, 440 U.S. 648, 653 (1979);  *Whren v. United States*, 517 U.S. 806 (1996);

5    *United States v. Lopez-Soto*, 205 F. 3d 1101, 1104-05 (9th Cir. 2000); and *United States v. Willis,* 431

6    F.3d 709, 716 (9th Cir. 2005).

7          The Court also addressed, at length, the Government's argument that the stop of Defendant

8    Harris's vehicle was lawful because the officers had probable cause or reasonable suspicion to believe

9    that Defendant Harris was in possession of narcotics or was engaged in narcotics trafficking.  *Findings*

10    *& Recommendation* (#45), pages 9-15.  Based on the lack of information supporting the reliability of the

11    informant due to his prior felony convictions, and the lack of sufficient corroboration for his

12    information, including that supplied by the detectives' surveillance, the Court concluded that the officers

13    did not have probable cause, independent of Defendant's traffic law violation, to stop his vehicle.  *Id.,*

14    page 15.  The Court left open the possibility that the information known to the officers provided

15    reasonable suspicion that Defendant was engaged in criminal activity to justify the stop.  The Court

16    found that it was unnecessary to decide that issue, however, because probable cause existed to stop the

17    vehicle based on the traffic violation.  *Id.*

18          Having concluded that the stop of Defendant's vehicle was lawful, the Court also found that the

19    information that the officers obtained following the stop of Defendant's vehicle and his subsequent

20    arrest was obtained lawfully.  Although probable cause was lacking before Defendant's vehicle was

21    stopped, the Court found that the information and evidence discovered after the stop, including

22    Defendant's statements to the officers following the *Miranda* warnings, was sufficient to provide

23    corroboration for the otherwise unreliable informant information and to provide probable cause for the

24    issuance of the search warrant.  *Findings & Recommendation* (#45), pages 21-23.

25    **DISCUSSION**

26          The issue is whether the Court should reopen the evidentiary hearing on the Defendant's

27    previously denied motion to suppress to permit the Defendant's present counsel to raise new or

28    additional issues that were not addressed in Defendant's original motion to suppress.

7

1    Rule 12(b)(3) of the Federal Rules of Criminal Procedure states that motions to suppress

2  evidence must be raised prior to trial.  Rule 12(c) further provides that unless otherwise provided by

3  local rule, the court may, at the time of arraignment or as soon thereafter as practicable, set a time for the

4  making of pretrial motions or requests and, if required, a later date of hearing.  Rule 12(f) further

5  provides:

6           Failure by a party to raise defenses or objections or make requests which
           must be made prior to trial, at the time set by the court pursuant to
7           subsection (c), or prior to any extension thereof made by the court, shall
           constitute waiver thereof, but the court for cause shown may grant relief
8           from the waiver.

9    Local Criminal Rule (LCR) 12-1 of this District provides that unless otherwise specified by the

10  court, each party has thirty (30) days from the time of arraignment to file and serve pretrial motions,

11  including motions to suppress.

12    In *United States v. Booker*, 952 F.2d 247, 249 (9th Cir. 1991), the court stated that a district

13  court's decision to decline to hear an untimely suppression motion is reviewed for an abuse of

14  discretion.   The court held that the district court did not abuse its discretion when it declined to hear

15  defendant's untimely motion to suppress because his attorney's explanation of why she did not question

16  her client about the circumstances of the search was "indefensible."  *See also United States v. Quintero-*

17  *Barraza*, 78 F.3d 1344, 1348 n. 2 (9th Cir. 1995).  In *United States v. Hall*, 565 F.2d 917 (5th Cir. 1978),

18  the defendant's attorney did not move to suppress evidence until the trial.  The district court considered

19  the motion on its merits, notwithstanding its tardiness, in order to avoid penalizing the defendant.  The

20  Fifth Circuit stated that the district court's desire to avoid penalizing the defendant for the inadvertence

21  of his counsel constitutes "cause" under Rule 12(f) and is within the court's discretion.  In *United States*

22  *v. Grimes,* 911 F.Supp. 1485, 1492 (M.D. Fla.1996), the district court affirmed the magistrate judge's

23  recommendation, based on *Hall,* that an untimely motion to suppress be decided on its merits in order to

24  avoid a potential collateral attack if the defendant was convicted and because it was plausible that the

25  district judge, in granting defendant's motion to continue trial based on his representations that

26  additional time was needed to file a motion to suppress, implicitly permitted the motion to suppress to be

27  filed.

28    In this case, the deadline for filing pretrial motions expired on October 3, 2005.  Prior to the

8

1    filing of Defendant's original motion to suppress on April 19, 2006, the motions deadline was never

2    expressly extended by stipulation of the parties or by order of the court, although the trial was postponed

3    several times primarily at Defendant's request.  Following the court's order denying the motion to

4    suppress, the parties entered into two further stipulations to continue the trial date in September 2006

5    and January 2007.  In neither of those stipulations did the parties request an extension of the pretrial

6    motion deadline, and Defendant's former counsel did not request a trial continuance in order to file

7    additional pretrial motions.

8         After Defendant's new counsel entered her appearance on March 27, 2007, the parties stipulated

9    to extend the pretrial motion deadline to May 21, 2007.  At the calendar call on April 18, 2007, the

10   District Judge stated that he would not extend the motion deadline, however, other than in regard to the

11   motion to dismiss that he directed Defendant's new counsel to file.  The Court does not read the Court's

12   July 16, 2007 order as approving a further extension of the motions deadline, given Judge Jones'

13   statements on April 18, 2007 and the fact that Judge Jones did not further extend the pretrial motions

14   deadline in the order setting trial.

15        **1.    Defendant's Motion to Suppress and Request for Hearing Regarding Violation of
          His *Miranda* Rights:**

16

17        In his instant Motion to Suppress (#80), Defendant argues that the Court should reopen the

18   evidentiary hearing based on newly discovered evidence.  In support of his motion, Defendant cites

19   *United States v. Emens*, 565 F.2d 1142, 1145 (9th Cir. 1977) (stating that ... "District Courts have ... wide

20   latitude..." regarding "... their prior decisions...").  *Motion to Suppress Statements* (#80), page 9.  The

21   Court does not see how Defendant's argument that Detective Van Buskirk violated his *Miranda* rights,

22   by continuing to question him after he invoked his right to counsel, could be newly discovered evidence

23   from the standpoint of the Defendant such that it could not have been raised in Defendant's original

24   motion to suppress filed in April 2006.  Defendant would, of course, have known whether he invoked his

25   right to counsel after Defendant Van Buskirk advised him of his *Miranda* rights.  This was information

26   that Defendant's counsel therefore could have obtained from Defendant prior to the filing of the original

27   motion to suppress.  *See United States v. Booker, supra.*  Defendant does not offer any reason why this

28   issue was not raised in Defendant's original motion to suppress other than the alleged incompetence of

9

1    former counsel.

2          This is not a case involving mere tardiness by Defendant's counsel in filing a motion to suppress

3    and where there has been no actual judicial determination of the validity of the search warrant or the

4    admissibility of Defendant's statements.  A motion to suppress was filed in which Defendant's counsel

5    raised the issues that he apparently believed supported the suppression of the evidence.  Detective Van

6    Buskirk testified during the evidentiary hearing that he advised Defendant of his *Miranda* rights and the

7    Defendant agreed to speak with him without an attorney.  *Transcript*, pages 21-22.  Defendant's counsel

8    cross-examined Detective Van Buskirk regarding the informant, the surveillance, and the stop, detention

9    and arrest of the Defendant.  Defendant's counsel, however, did not raise an issue, either in his written

10   motion to suppress or during the evidentiary hearing, whether the *Miranda* warnings were properly

11   given or whether Defendant invoked his right to counsel.  *Id.,* pages 42, 71-76.  Under these

12   circumstances, the Court does not believe that permitting Defendant to file a late motion to suppress

13   based on the violation of his *Miranda* rights is justified.  The Court, therefore, recommends that the late

14   filing of the Motion to Suppress (#80) based on the violation of Defendant's *Miranda* rights, which he

15   could and should have raised in his original motion to suppress and/or during May 16, 2006 evidentiary

16   hearing, should be denied.

17          **2.    Defendant's Motion to Suppress Regarding Newly Discovered Information**
              **Regarding the Confidential Informant:**

18

19          Defendant's Motion to Suppress (#80) also requests that the Court reopen the evidentiary hearing

20   and conduct a *Franks* hearing regarding information about the confidential informant that was known by

21   or should have been known by the officers at the time they applied for the search warrant and which was

22   not included in the affidavit for the search warrant.  Defendant's counsel represents that since taking

23   over Defendant's defense in March, 2007, they have obtained additional discovery from the Government

24   including an audio recording of the informant's meeting with Detectives Van Buskirk and Guy on

25   August 7, 2005.  Because Defendant's prior counsel did not request a *Franks* hearing, this additional

26   information regarding the informant was not provided during the previous evidentiary hearing, and

27   Defendant did not have an opportunity to fully challenge the informant's lack of reliability or credibility.

28   Defendant therefore argues that there is good cause to reopen the evidentiary hearing on the grounds that

                                                          10

if the additional information about the informant had been disclosed in the search warrant, there may not have been probable cause to support the issuance of the search warrant.

In support of his Motion, Defendant places principal reliance on *United States v. Reeves*, 210 F.2d 1041 (9th Cir. 2000).  In *Reeves*, a magistrate judge issued a search warrant to search defendant's residence for illegal controlled substances based on an officer's affidavit which was predicated on information from a confidential informant that he had recently observed controlled substances in the defendant's residence, that defendant's criminal history revealed more than 20 prior charges for controlled substances offenses and that defendant had taken extreme steps to fortify his residence.  The affidavit did not disclose that the person, whom defendant believed was the informant, had been previously convicted of giving false information about his residence to the police.  The affidavit stated, however, that the informant had previously provided information that led to three other investigations and arrests.  The defendant filed a motion to suppress the evidence obtained through the search warrant and requested a *Franks* hearing based on the intentional or reckless omission from the affidavit of information about the informant's criminal history.   In affirming the district court's order denying a *Franks* hearing and denying defendant's motion to suppress, the court stated:

> A defendant is entitled to an evidentiary hearing on the validity of the affidavit underlying a search warrant if the defendant can make a substantial preliminary showing that (1) the affidavit contains intentionally or recklessly false statements or misleading omissions, and (2) the affidavit cannot support a finding of probable cause without the allegedly false information.  *See United States v. Stanert,* 762 F.2d 775, 780-81 (9th Cir.1985), *amended by,* 769 F.2d 1410 (9th Cir.1985).   If an informant's history of criminal acts involving dishonesty renders his/her statements unworthy of belief, probable cause must be analyzed without those statements.  *See United States v. Hall,* 113 F.3d 157, 159 (9th Cir.1997).

*Reeves*, 210 F.3d at 1044.

The court stated that the district court followed the proper procedure in first conducting an *in camera* hearing to determine whether the defendant had made a threshold substantial showing of falsehood in the affidavit.  Once the defendant makes the proper initial showing, the hearing must be extended.  If inclusion of the omitted facts would not have affected the threshold determination, however, no *Franks* hearing is required.  *Reeves,* 210 F.3d at 1044, *citing United States v. Fisher*, 137 F.3d 1158, 1164 (9th Cir. 1998).

11

1   *Reeves* also stated that "[a]ny crime involving dishonesty necessarily has an adverse impact on

2   an informant's credibility.  In the absence of countervailing evidence to bolster the informant's tip, an

3   informant's information and his/her testimony cannot support probable cause. *See United States v.*

4   *Meling*, 47 F.3d 1546, 1554-55 (9th Cir. 1995)." *Reeves*, 210 F.3d at 1045.  The court also disapproved

5   the practice of excluding altogether an informant's relevant criminal history from an affidavit used to

6   support a search warrant request, particularly when lesser measures will suffice. *Id.*, at 1046.  The court

7   found, however, that the information in the affidavit that the informant had provided information that led

8   to three other investigations and arrests was sufficient countervailing evidence to outweigh any doubts

9   raised by his history of criminal conduct involving dishonesty. *Id.*, at 1045.  Thus, the court upheld the

10  district court's denial of a *Franks* evidentiary hearing.

11      In this case, the Court previously found, based on Detective Van Buskirk's hearing testimony

12  that the confidential informant had two, three or more prior felony convictions, that the informant's tip

13  was not sufficiently reliable or credible to provide probable cause to believe that Defendant was engaged

14  in narcotics trafficking and that narcotics would be found in his residences or automobile.  The Court

15  further found that the informant's knowledge of where Defendant resided and the vehicles that he used,

16  and the officer's confirmation of that information through surveillance, was not sufficient to overcome

17  the unreliability of the informant and to provide probable cause.  In addition, the Court found that the

18  detective's observation of the transaction between Defendant and the female at the apartment complex

19  was also not sufficient additional information, at that point in the investigation, to provide probable

20  cause based on the informant's tip. *See Findings & Recommendations* (#45).

21      The Court found, however, that once the officers conducted a lawful traffic stop of Defendant's

22  automobile which resulted in the discovery of the illegal narcotics in the vehicle and the Defendant told

23  the officers that narcotics were located in the residence at Andover Drive, probable cause existed for the

24  issuance of the search warrant.  As the Court previously stated:

25              In this case, the officers had information from a confidential informant that
            Defendant kept cocaine at both residences and in his vehicle to facilitate
26          narcotics distribution.  The informant's statements, although previously
            unreliable, were substantially confirmed by the evidence uncovered during
27          the search of Defendant's vehicle and his statement to the officers that
            they would find cocaine at the Andover Drive residence.

28

1 | *Findings & Recommendations* (#45), at page 22.

2   The Court also stated that it was disturbing that the affidavit did not provide the issuing judge

3 with information regarding the lack of reliability of the confidential informant.  The Court concluded,

4 however:

> 5   The failure to inform the judge that the informant had a significant prior
> criminal history and was not a proven reliable source of information may
> 6 have lead (sic) the judge to believe that his information was, in itself,
> reliable.  The Court concludes, however, that these omissions were not
> 7 ultimately material, however, because the evidence obtained during
> Defendant's arrest and the search of his vehicle, provided the necessary
> 8 corroboration to the information provided by the informant.

9 | *Findings & Recommendations* (#45), at page 23.

10   Given these findings, which have been affirmed by the District Judge, a *Franks* evidentiary

11 hearing regarding the confidential informant's lack of reliability or credibility would not change the

12 outcome of the suppression motion.  At most, a further evidentiary hearing would confirm what the

13 Court has already concluded – that prior to the stop, arrest and search of the Defendant's vehicle and the

14 statements made by Defendant Harris, the officers lacked probable cause to obtain a warrant to search

15 the residences based on the unreliability of the informant and his information.  This is not a case such as

16 *Reeves* or *United States v. Hall*, 113 F.3d 157 (9th Cir. 1997), where there was no other evidence to

17 support the issuance of a search warrant other than the confidential informant's tip.

18   The information set forth in Defendant's instant motion, and in the audio recording of the

19 officer's interview with the informant, indicates that the informant had a stronger basis of personal

20 knowledge of Defendant and his possession of narcotics and involvement in narcotics trafficking than

21 was either presented in the affidavit for the search warrant or during the preceding evidentiary hearing.

22 *See Reeves*, 210 F.3d at 1046, where the court held that the informant's description of having observed

23 methamphetamine in defendant's residence which was packaged up in several small plastic packages for

24 sale provided a fair probability that contraband or evidence of a crime would be found in defendant's

25 residence.  On the other hand, the recording of the informant's interview with the detectives also raises

26 issues regarding the benefits that the informant wished to receive from the detectives and/or alleged

27 conflicts in the informant's statements to the detectives regarding his knowledge that Defendant had

28 cocaine at his residences.

1  Viewing these matters in the light most favorable to Defendant would not change the outcome of

2  the Court's previous Findings & Recommendation (#45).   The Court would still conclude that prior to

3  the stop, detention and arrest of the Defendant, and his statements to the detective, probable cause was

4  lacking due to the unreliability of the informant based on his criminal history.  Once the officers stopped

5  the Defendant's vehicle, discovered the marijuana in the console and the cocaine and handgun in the

6  concealed compartment, and obtained Defendant's statement that cocaine would be found in the

7  Andover Drive residence, however, the officers had sufficient independent information to corroborate

8  the information provided by the informant and also independent grounds for probable cause to search

9  Defendant's residences.  The Defendant has therefore not made a substantial preliminary showing that if

10  the additional information regarding the informant had been provided in the affidavit for the search

11  warrant or for *in camera* review by the Court at the prior suppression hearing, that probable cause for the

12  issuance of the search warrant would have been lacking.  *Reeves*, 210 F.3d at 1044; *United States v.*

13  *Stanert*, 762 F.2d 775, 780-81 (9th Cir. 1985), *amended by,* 769 F.2d 1410 (9th Cir. 1985).

14  **CONCLUSION**

15  Based on the foregoing, the Court concludes that Defendant's motion to reopen the suppression

16  hearing based on an alleged violation of Defendant's *Miranda* rights should be denied on the grounds

17  that the motion is untimely and the issue could and should have been raised in Defendant's previous

18  motion to suppress or during the evidentiary hearing on May 16, 2006.  The Court also concludes that

19  Defendant's request for a *Franks* hearing, based on new information regarding the confidential

20  informant's relationship with the Defendant and additional information regarding his prior criminal

21  history, should also be denied.  Even if the untimeliness of this request is excused under Rule 12(f) of

22  the Federal Rules of Criminal Procedure, the Court concludes that it would not change the outcome of

23  the order denying Defendant's motion to suppress.

24  **RECOMMENDATION**

25  **IT IS RECOMMENDED** that Defendant Albert Leon Harris's Motion for Leave to File Late

26  Motion (#79) and Defendant's Motion to Suppress Statements (#80) be **denied**; and Government's

27  Motion to Strike Defendant's Second Motion to Suppress (#82) be **denied** as moot.

28  . . .

14

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within ten (10) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 6th day of August, 2007.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge

15