# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | 2:05-cr-00332-RCJ-GWF |
| vs. | ) | |
| | ) | |
| ALBERT LEON HARRIS, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

The Court denied Petitioner Albert Leon Harris's Motion to Vacate Under 28 U.S.C. § 2255. Petitioner has moved for a certificate of appealabilty pursuant to § 2253(c)(1). For the reasons given herein, the Court denies the motion.

## I.    FACTS AND PROCEDURAL HISTORY

A grand jury first indicted Petitioner on August 24, 2005 for a single count of possession with intent to distribute a controlled substance. (*See* Indictment, Aug. 24, 2005, ECF No. 1). The Second Superseding Indictment ("SSI") lists three counts of that offense and a fourth count for possession of a firearm during and in relation to a drug crime. (*See* SSI, Oct. 10, 2007, ECF No. 96). During the second day of trial, Defendant pled guilty to the first and fourth counts pursuant to a plea agreement. (*See* Mins., Dec. 4, 2007, ECF No. 129). On March 3, 2008, the Court sentenced Defendant to sixty (60) months imprisonment for each count, to run consecutively, to be followed by five (5) years of supervised release for each count, to run concurrently. (*See* J. 1–3, Mar. 3, 2008, ECF No. 136). Defendant did not appeal, and his recent § 2255 motion was his first habeas corpus petition. Defendant brought four counts: (1)

ineffective assistance for failing to file a notice of appeal; (2)–(3) ineffective assistance during plea negotiations; and (4) actual innocence. The Court denied the Petition as untimely because Petitioner filed the Petition more than one year after the judgment of conviction became final, he alleged no unconstitutional government action impeding his Petition or any newly recognized right, and his claims were all based on information admittedly available to him more than one year before he filed the Petition. Petitioner has now moved for a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(1).

## II.  LEGAL STANDARDS

"Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1), (c)(1)(B). A district judge may grant an appeal under this section, because the word "circuit" is best read only to modify the word "justice" when read in conjunction with Rule 22(b). *United States v. Asrar*, 116 F.3d 1268, 1269–70 (9th Cir. 1997). "A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## III.  ANALYSIS

Because it is not debatable that the Petition was untimely, the Court need not address the underlying constitutional claims. The Court denies the motion.

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion for Certificate of Appealability (ECF No. 145) is DENIED.

IT IS SO ORDERED.

Dated this 26th day of September, 2011.

_____
ROBERT C. JONES
United States District Judge