UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ALBERT LEON HARRIS, ) <br> ) <br> Defendant. ) <br> ) | 2:05-cr-00332-RCJ-GWF <br><br> ORDER |

Pending before the Court is Petitioner Albert Leon Harris's Motion to Vacate Under 28 U.S.C. § 2255 (ECF No. 142). The Court previously denied the motion, but the Court of Appeals vacated and remanded so that Petitioner could have an additional opportunity to argue for relief. The Court therefore solicits an additional brief from Petitioner and will decide the motion again after receiving it.

I.   **FACTS AND PROCEDURAL HISTORY**

A grand jury first indicted Petitioner on August 24, 2005 for a single count of possession with intent to distribute a controlled substance. (*See* Indictment, Aug. 24, 2005, ECF No. 1). The Second Superseding Indictment ("SSI") lists three counts of that offense and a fourth count for possession of a firearm during and in relation to a drug crime. (*See* SSI, Oct. 10, 2007, ECF No. 96). During the second day of trial, Defendant pled guilty to the first and fourth counts pursuant to a plea agreement. (*See* Mins., Dec. 4, 2007, ECF No. 129). On March 3, 2008, the Court sentenced Defendant to sixty (60) months imprisonment for each count, to run consecutively, to be followed by five (5) years of supervised release for each count, to run

concurrently. (*See* J. 1–3, Mar. 3, 2008, ECF No. 136). Defendant did not appeal, and the present motion is his first habeas corpus petition. Defendant brings four counts: (1) ineffective assistance for failing to file a notice of appeal; (2)–(3) ineffective assistance during plea negotiations; and (4) actual innocence.

## II.     LEGAL STANDARDS

### A.     Untimely and Successive Habeas Corpus Petitions

A federal habeas corpus petitioner must bring his petition under 28 U.S.C. §§ 2241, 2255 within one year of the latest of: (1) final judgment of conviction; (2) the removal of any impediment to bringing the petition caused by unconstitutional government action; (3) the date on which the Supreme Court first recognizes the right asserted, if the Supreme Court has made the right retroactively applicable to collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). Successive petitions must be approved by the Court of Appeals. *See id.* at § 2255(h).

### B.     Waiver of Appeal Rights

A criminal defendant who pleads guilty implicitly waives the right to challenge any pre-conviction error, unless the alleged error relates directly to the voluntariness or intelligence of the guilty plea itself:

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea . . . .

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Furthermore, a defendant may explicitly waive the right to appeal the sentence via plea agreement, so long as the waiver is voluntary and intelligent. *United States v. Cope*, 527 F.3d 944, 949 (9th Cir. 2008).

### C. Procedural Default

Even where the right to appeal an issue has not been waived, issues decided on direct review, or which could have been raised on direct review but were not, cannot be brought in a § 2255 petition. *Reed v. Farley*, 512 U.S. 339, 358 (1994).  The former kinds of claim are res judicata under ordinary claim preclusion principles, and the latter kinds of claim are said to be "procedurally defaulted" and cannot be raised later in a collateral attack. *See id.*  Procedural default is excused where a defendant can show: (1) cause and prejudice; or (2) actual innocence. *United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003) (citing *Bousley v. United States*, 523 U.S. 613, 622 (1998)).

### 1. Cause and Prejudice

"Cause" means "some objective factor external to the defense" that impeded the defendant's efforts to comply with the procedural requirement. *McCleskey v. Zant*, 499 U.S. 467, 493 (1991).  Among the reasons that can constitute "cause" are government coercion, *see United States v. Wright*, 43 F.3d 491, 497–99 (10th Cir. 1994), ineffective assistance of counsel, *see McCleskey*, 499 U.S. at 494, and a "reasonable unavailability of the factual or legal basis for the claim," *see id.*  "Prejudice" means that "the constitutional errors raised in the petition actually and substantially disadvantaged [a defendant's] defense so that he was denied fundamental fairness." *Murray v. Carrier*, 477 U.S. 478, 494 (1986).  A showing of prejudice requires demonstration of a "reasonable probability that . . . the result of the proceedings would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Vansickel v. White*, 166 F.3d 953, 958–59 (9th Cir. 1999) (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)).

Ineffective assistance of counsel is "cause" excusing procedural default only where the failure rises to the level of a constitutional violation under *Strickland*. *United States v. Skurdal*,

341 F.3d 921, 925–27 (9th Cir. 2003) (citing *Strickland*, 466 U.S. 668).  Ineffective assistance of counsel claims may be brought for the first time in a § 2255 petition, even if they could also have been brought on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003).

There is a "strong presumption" of reasonable professional conduct. *Strickland*, 466 U.S. at 698.  When this presumption is overcome and an attorney's "unprofessional errors" are such that there is a "reasonable probability" the result would have been different had the errors not occurred, the defendant has been deprived of his Sixth Amendment rights. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986).  "Reasonable probability" is a lower standard than "more likely than not." *Nix v. Whiteside*, 475 U.S. 157, 175 (1986).  Counsel's tactical decisions with which a defendant disagrees do not rise to the level of ineffective assistance unless the decisions are so poor as to meet the general test for constitutionally defective assistance. *See Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 129 S. Ct. 2308, 2330 (2009).

### 2. Actual Innocence

"To establish actual innocence for the purposes of habeas relief, a petitioner 'must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011) (quoting *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006) (quoting *Bousley*, 523 U.S. at 623)).  "A petitioner is actually innocent when he was convicted for conduct not prohibited by law." *Alaimalo*, 645 F.3d at 1047 (citing *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001)).

### D.   § 2255 Habeas Corpus Motions

A judge receiving a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 "must promptly examine it." Section 2255 R. 4(b).  "If it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is

not entitled to relief, the judge *must* dismiss the motion . . . ." *Id.* (emphasis added); *United States v. Matthews*, 833 F.2d 161, 164 (9th Cir. 1987) (citing *id.*). If not dismissed, the judge must order the U.S. Attorney to respond within a fixed time. *Id.*

### III.   ANALYSIS

The Court denied the Petition as untimely. First, Petitioner filed the Petition more than one year after the judgment of conviction became final. Second and third, Petitioner alleged no unconstitutional government action impeding his Petition[1] or any newly recognized right. And fourth, Petitioner's claims were all based upon information admittedly available to him more than one year before he filed the Petition.

### CONCLUSION

IT IS HEREBY ORDERED that Petitioner shall file a brief within twenty-eight (28) days from date of the entry of this order into the electronic docket showing why his motion for relief under § 2255 should not be dismissed for untimeliness. The Government shall have fourteen (14) days to respond, and Petitioner shall have fourteen (14) days to reply.

IT IS SO ORDERED.

Dated this 28th day of June, 2012.

_____
ROBERT C. JONES
United States District Judge

---

[1] Petitioner appears to allege that his attorney's failure to file a notice of appeal unconstitutionally impeded his ability to bring his other claims *on direct appeal*. But Petitioner waived his right to appeal pre-conviction error when he pled guilty, *see Tollett*, 411 U.S. at 267, so counsel simply did not err by failing to file a notice of appeal. And even if the Court were absolutely convinced that the guilty plea was made unintelligently—based on Petitioner's claim today that he did not in fact employ a firearm during the offense under the meaning of the statute—Petitioner does not allege that his attorney's errors (or any other government action) impeded him from bringing his Petition within one year of final judgment.